**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**
**CIVIL ACTION NO. 1:20-cv-00097-LLK**

LACI N. BROWN                                                                                                   PLAINTIFF

v.

ANDREW SAUL, Acting Commissioner of Social Security                               DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying her claim for Social Security disability benefits. The fact and law summaries of Plaintiff and the Commissioner are at Docket Number ("DN") 18 and DN 26. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. [DN 14].

Because Plaintiff's sole argument is unpersuasive and the Administrative Law Judge's ("ALJ's") decision is supported by substantial evidence, the Court will AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

**Discussion**

In April 2018, Plaintiff was involved in a motor vehicle accident, which resulted in serious physical injury and necessitated reparative surgeries involving her lower extremities. In August 2018, James M. Clements, M.D., wrote Plaintiff a prescription for a four-pronged ("quad") cane due to "physical deconditioning." [DN 13-1 at 2108]. Plaintiff testified that she likes to have the cane "close by" because "[i]t's hard for me to keep my balance." [DN 13 at 45, 48]. However, physical therapy notes from October 2018 indicate Plaintiff "performed gait training on uneven surfaces, [with] no LOB [loss of balance] at this time." [DN 13-1 at 2122].

1

The ALJ found that Plaintiff has a residual functional capacity ("RFC") to perform sedentary work, "except the individual would require the option to stand for 15 minutes each hour (taking 1-2 minutes to change positions but would be able to remain on task in either a seated or standing position); she would require a cane for ambulation; she can occasionally climb stairs and ramps; she can never climb ladders, ropes or scaffolds, and she can occasionally balance, stoop, knee, crouch, and crawl." *Id.* at 21. The ALJ found that Plaintiff is not disabled because, although she cannot perform past relevant work, she retains the ability to perform a significant number of sedentary jobs in the national economy. *Id.* at 26-28.

The ALJ's finding that Plaintiff can perform sedentary jobs was based on acceptance of the vocational expert's ("VE's") testimony. *Id.* at 27-28, 63-64. A VE's testimony in response to a hypothetical question serves as substantial evidence in support of a conclusion that a claimant can perform other work if the question "accurately portray[s] a claimant's physical and mental impairments." *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 516 (6th Cir. 2010).

Plaintiff argues that the vocational hypothetical did not accurately portrays her impairments because Social Security Ruling ("SSR") 96-9p, 1996 WL 374185, indicates that there may be significant erosion of the occupational base for sedentary work (necessitating an ultimate finding of disability) if the individual uses a medically required hand-held device and is limited in balancing. [DN 18 at 3-6]. The argument is unpersuasive for six reasons.

First, or most fundamentally, Plaintiff's argument is unpersuasive because, while there may be significant erosion of the occupational base for sedentary work if the individual uses a medically required hand-held device and is limited in balancing, there need not necessarily be such erosion. In such cases, it "may be especially useful to consult a vocational resource in order to make a judgment regarding the individual's ability to make an adjustment to other work." SSR 96-9p, 1996 WL 374185, at *7. The ALJ consulted a vocational resource when the ALJ presented the controlling vocational hypothetical at the administrative hearing.

In pertinent part, SSR 96-9p provides as follows *(emphasis added)*:

*Medically required hand-held assistive device:* **To find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed** (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information). The adjudicator must always consider the particular facts of a case. For example, if a medically required hand-held assistive device is needed only for prolonged ambulation, walking on uneven terrain, or ascending or descending slopes, the unskilled sedentary occupational base will not ordinarily be significantly eroded.

Since most unskilled sedentary work requires only occasional lifting and carrying of light objects such as ledgers and files and a maximum lifting capacity for only 10 pounds, an individual who uses a medically required hand-held assistive device in one hand may still have the ability to perform the minimal lifting and carrying requirements of many sedentary unskilled occupations with the other hand. For example, an individual who must use a hand-held assistive device to aid in walking or standing because of an impairment that affects one lower extremity (e.g., an unstable knee), or to reduce pain when walking, who is limited to sedentary work because of the impairment affecting the lower extremity, and who has no other functional limitations or restrictions may still have the ability to make an adjustment to sedentary work that exists in significant numbers. On the other hand, the occupational base for an individual who must use such a device for balance because of significant involvement of both lower extremities (e.g., because of a neurological impairment) may be significantly eroded.

**In these situations, too, it may be especially useful to consult a vocational resource in order to make a judgment regarding the individual's ability to make an adjustment to other work.**
…

*Postural limitations:* Postural limitations or restrictions related to such activities as climbing ladders, ropes, or scaffolds, balancing, kneeling, crouching, or crawling would not usually erode the occupational base for a full range of unskilled sedentary work significantly because those activities are not usually required in sedentary work. In the SCO, "balancing" means maintaining body equilibrium to prevent falling when walking, standing, crouching, or running on narrow, slippery, or erratically moving surfaces. If an individual is **limited in balancing** only on narrow, slippery, or erratically moving surfaces, this would not, by itself, result in a significant erosion of the unskilled sedentary occupational base. However, if an individual is **limited in balancing** even when standing or walking on level terrain, there may be a significant erosion of the unskilled sedentary occupational base. It is important to state in the RFC assessment what is meant by limited balancing in order to determine the remaining occupational base. **Consultation with a vocational resource may be appropriate in some cases.**

SSR 96-9p, 1996 WL 374185, at *7.

Plaintiff's argument is unpersuasive for five additional reasons.

Second, after the VE identified compatible sedentary jobs, the ALJ asked counsel if he had any "follow-up questions for our vocational expert," and counsel responded "[n]o, I'm not going to have any

3

follow-up." [DN 13 at 64]. By declining to cross examine the VE, Plaintiff forfeited his SSR 96-9p argument for the same reasons the plaintiff in *Kepke v. Commissioner* forfeited her SSR 96-9p argument. *Kepke v. Comm'r*, 636 F. App'x 625 (6th Cir. 2016). Kepke argued that "the ALJ failed to provide specifics (in the RFC and hypotheticals) as to the frequency of her need to alternate between sitting and standing" in light of SSR 96-9p's requirement that the "RFC assessment must be specific as to the frequency of the individual's need to alternate sitting sand standing." *Id.* at 636 (quoting SSR 96-9p, 1996 WL 374185, at *7). The Sixth Circuit held that, "[b]ecause Kepke failed to probe this alleged deficiency at the ALJ hearing, she forfeited this argument." *Id.*; *see also Sims v. Comm'r*, 406 F. App'x 977, 982 (6th Cir. 2011) ("Yes, the vocational expert's testimony could have been further refined; but as the district court pointed out, plaintiff's counsel had the opportunity to cross-examine, but asked only one question and did not probe the deficiency now identified on appeal.").[1]

Third, besides complete acceptance of her disabling testimony, Plaintiff's argument provides no record basis for specific limitations related to her use of a hand-held device and being limited in balancing that might plausibly significantly erode the occupational base for sedentary work.

Fourth, as noted above, Dr. Clements prescribed the cane due to "physical deconditioning." [DN 13-1 at 2108]. Plaintiff does not point to any "medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed." SSR 96-9p, 1996 WL 374185, at *7.

Fifth, to the extent Plaintiff alleged limitations that would significantly erode the occupational base for sedentary work, the ALJ did not err in omitting them from the controlling vocational hypothetical. *See Masters v. Comm'r*, 707 F. App'x 374, 380 (6th Cir. 2017) ("While it is true that an ALJ may rely on a

---

[1] This is not the first time counsel has argued a vocational hypothetical was deficient in light of SSR 96-9p, nor the first time this Court has deemed the argument forfeited in light of *Kepke*. *See e.g. Smith v. Comm'r*, No. 1:18-CV-00115-LLK, 2019 WL 2997393 (W.D. Ky. July 9, 2019); *Gentry v. Comm'r*, No. 1:17-CV-00048-HBB, 2018 WL 834620 (W.D. Ky. Feb. 12, 2018).

VE's response to a hypothetical question only if the question accurately portrays the claimant's impairments, the ALJ is required to incorporate only those limitations that he or she accepted as credible.").

Sixth, to the extent Plaintiff suffered from limitations (related to her April 2018 motor vehicle accident) that would significantly erode the occupational base for sedentary work, there was no evidence (at the time of the ALJ's January 2019 decision) they had "lasted or [could] be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

## Order

Because Plaintiff's sole argument is unpersuasive and the Administrative Law Judge's ("ALJ's") decision is supported by substantial evidence, the Commissioner's final decision is hereby AFFIRMED, and Plaintiff's complaint is DISMISSED.

June 11, 2021

Lanny King, Magistrate Judge
United States District Court